The Honorable Eugene D. Taylor Williamson County Attorney Williamson County Courthouse, MLK #7 Georgetown, Texas 78626
Re: Whether a "member of a fire or police department" in section142.0013 of the Local Government Code includes employees other than fire protection personnel or licensed peace officers (RQ-0595-JC)
Dear Mr. Taylor:
You ask "[w]hich City employees are considered to be `members of the fire and police departments' for purposes of determining the applicability of [section] 142.0013(a) and (b)"[1] of the Local Government Code, which regulates the hours of labor and vacation of members of certain municipal fire and police departments. See Tex. Loc. Gov't Code Ann. § 142.0013(a)-(b) (Vernon 1999).
You are specifically concerned that a member of the fire department's or police department's "civilian staff" may be a member of the department for the purposes of section 142.0013.See Request Letter, supra note 1, at 2. You describe "civilian employees" as "clerical, administrative[,] and building maintenance employees." Id. at 1.
Section 142.0013 of the Local Government Code regulates the hours of labor and vacation of fire and police department members in certain municipalities. See id. Except in an emergency, "[a] member of a fire or police department in a municipality with a population of more than 25,000 may not . . . be required to be on duty more than six days in a week." Tex. Loc. Gov't Code Ann. §142.0013(a) (Vernon 1999). "A member of a fire or police department in a municipality with a population of more than 30,000 is entitled to" fifteen paid vacation days each year if the member has been employed in either department for one year or more. Id. § 142.0013(b). And, in general, a municipality must grant a fire fighter or a police officer the "same number of vacation days and holidays, or days in lieu of vacation days or holidays," that the municipality grants to other municipal employees. Id. § 142.0013(c).
Section 142.010 of the same code defines the phrases "member of the fire department" and "member of the police department":
 (a) In this chapter, "member of the fire department" means an employee of the fire department who is defined as "fire protection personnel" by Section 419.021, Government Code.
 (b) In this chapter, "member of the police department" means an employee of the police department who has been licensed as a peace officer by the Commission on Law Enforcement Standards and Education.
Id. § 142.010 (Vernon Supp. 2003).
As section 142.010(a) makes clear, only fire protection personnel as defined by section 419.021(3) of the Government Code can be members of a fire department. See id. § 142.010(a); Tex. Gov't Code Ann. § 419.021(3) (Vernon Supp. 2003). Section 419.021(3) of the Government Code defines "fire protection personnel" as:
 (A) permanent, full-time law enforcement officers designated as fire and arson investigators by an appropriate local authority;
(B) aircraft rescue and fire protection personnel; or
 (C) permanent, full-time fire department employees who are not secretaries, stenographers, clerks, budget analysts, or similar support staff persons or other administrative employees and who are assigned duties in one or more of the following categories:
(i) fire suppression;
(ii) fire inspection;
(iii) fire and arson investigation;
(iv) marine fire fighting;
(v) aircraft rescue and fire fighting;
(vi) fire training;
(vii) fire education;
(viii) fire administration; and
 (ix) any other position necessarily or customarily related to fire prevention or suppression.
Tex. Gov't Code Ann. § 419.021(3) (Vernon Supp. 2003); see also
House Comm. onUrban Affairs, Bill Analysis, Tex. S.B. 603, 71st Leg., R.S. (1989) (stating that definition precludes civilian fire department employees from receiving benefits); Senate Comm. on Intergovernmental Relations, Bill Analysis, Tex. S.B. 603, 71st Leg., R.S. (1989) (same). Whether a particular employee of a fire department is fire protection personnel and, accordingly, within section 142.0013's protections, is a question of fact, and thus is beyond the opinion process. See Tex. Att'y Gen. Op. No.GA-0003 (2002) at 1 (stating that opinion process does not determine facts).
On the other hand, any police department employee who has been licensed as a peace officer, whether or not that employee serves in a "civilian" capacity, is a member of a police department as a matter of law. Although section 142.010(b) refers only to a peace officer license obtained from "the Commission on Law Enforcement Standards and Education," we construe section 142.010(b) to refer to the Commission on Law Enforcement Officer Standards and Education. Tex. Loc. Gov't Code Ann. § 142.010(b) (Vernon Supp. 2003); see Tex. Gov't Code Ann. § 311.031(3) (Vernon 1998) (stating that legislature intends statute to accomplish "just and reasonable result"). No commission is named the Commission on Law Enforcement Standards and Education; rather, the Commission on Law Enforcement Officer Standards and Education is responsible for licensing peace officers. See Tex. Occ. Code Ann. § 1701.301 (Vernon 2003) (providing that, in general, no person may serve as peace officer unless he or she "holds an appropriate license issued by" Commission on Law Enforcement Officer Standards and Education); see also 37 Tex. Admin. Code ch. 217 (2002) (Texas Commission on Law Enforcement Officer Standards Education, Licensing Requirements). Thus, any police department employee who has obtained a peace officer license from the Commission on Law Enforcement Officer Standards and Education is a member of the police department for the purposes of section 142.0013 of the Local Government Code.
 SUMMARY
Local Government Code section 142.0013, which regulates the hours of labor and vacation of a member of a fire or police department in certain municipalities, applies only to a member of a fire department, as defined by section 142.010(a) of the Code, or a member of a police department, as defined by section 142.010(b).See Tex. Loc. Gov't Code Ann. §§ 142.0013, 142.010 (Vernon 1999 
Supp. 2003). Section 142.010(b) includes as a member of a police department any police department employee who has been licensed as a peace officer by the Commission on Law Enforcement Officer Standards and Education.
Very truly yours,
 GREG ABBOTT Attorney General of Texas
BARRY R. McBEE First Assistant Attorney General
DON R. WILLETT Deputy Attorney General — General Counsel
NANCY S. FULLER Chair, Opinion Committee
Kymberly K. Oltrogge Assistant Attorney General, Opinion Committee
[1] Letter from Honorable Eugene D. Taylor, Williamson County Attorney, to Honorable John Cornyn, Texas Attorney General, at 2 (Aug. 20, 2002) (on file with Opinion Committee) [hereinafter Request Letter].